**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSTIN JOSE LARGAESPADA CORDONERO,<br><br>                    Petitioner,<br>        v.<br><br>FERETI SEMAIA, et al.<br><br>                    Respondents. | No. 5:26-cv-1927 DSR<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ISSUING WRIT OF HABEAS CORPUS FOR IMMEDIATE RELEASE** |

**1.    INTRODUCTION AND PROCEDURAL BACKGROUND**

Petitioner Jostin Jose Largaespada Cordonero, an immigration detainee represented by counsel, filed a verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  See Doc. No. 1.  Concurrently with that filing, Petitioner voluntarily consented pursuant to 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  See Doc. Nos. 1, 4.  The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 7.

On April 17, 2026, the Court entered a Notice of General Order 26-05 and Briefing Schedule, by which the Court ordered "Respondents to show cause why the writ of habeas corpus should not be granted."  Doc. No. 6 at 1:23-24.  On April

24, 2026, Respondents filed their Answer to the Petition, stating "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  Doc. No. 9.  As such, the facts set forth in the Petition, the legal arguments, and the relief requested are all uncontested.  For the reasons set forth below, the Court GRANTS the Petition.

## 2.    FACTUAL BACKGROUND

Petitioner is a citizen of Nicaragua.  See Pet. at ¶ 18.  He applied for admission into the United States on or about December 14, 2022.  Id. at ¶ 50.  After briefly detaining Petitioner, immigration authorities released him on parole for the purpose of applying for asylum in the United States.  Id.  Petitioner subsequently applied for and received Special Immigrant Juvenile Status ("SIJS").  Id. at ¶¶ 18, 51.

As alleged in the Petition, and uncontroverted by Respondents, SIJS was created by Congress "to protect vulnerable immigrant children and provide them a pathway to citizenship."  Id. at ¶ 24.  It requires, inter alia, a determination "in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" and the consent of the Secretary of Homeland Security to the grant of special immigrant juvenile status.  See 8 U.S.C. § 1101(a)(27)(J).  The Notice of Action Petitioner received from the Department of Homeland Security, U.S. Citizenship and Immigration Services, states that "USCIS has determined that you warrant a favorable exercise of discretion to receive deferred action.  As a result, you have been placed in deferred action and you may be issued an employment authorization document."  Pet. Ex. A.

Since being paroled into the United States more than three years ago, Petitioner has "pursued his education, worked, and joined the welcoming ministry

of his church." Pet. at ¶ 3. He has no criminal history. Id. at ¶ 18. He has complied with the requirements of his parole, including attending regular check-ins with immigration authorities. Id. at ¶ 52.

While attending an ICE check-in appointment on April 15, 2026, Petitioner was re-arrested by ICE. Id. at ¶ 53. He was given no prior notice of ICE's intention to re-detain him, no information about why he was being detained notwithstanding his receiving deferred action based on his SIJS, and no opportunity to be heard to contest his re-detention. Id. at ¶¶ 54, 66. In fact, Petitioner's attorney tried to explain to immigration authorities about Petitioner's deferred action under SIJS, "to no avail." Id. at ¶ 4. ICE has no particularized evidence that Petitioner is a danger to the community or a flight risk. Id. at ¶ 55. Petitioner is presently detained in ICE custody at the Adelanto ICE Processing Center. Id. at ¶¶ 5, 57.

Petitioner argues in this habeas case that his re-detention violated due process. He asserts his release on parole and SIJS gave him a protectable interest in his continued liberty free from detention. Id. at ¶¶ 66-67; see also id. at ¶¶ 71-72. Respondents fail to oppose or explain what circumstances changed to justify his re-detention. See Answer at 2:6-9.

## 3. LEGAL STANDARD

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).

3

**4.    DISCUSSION**

Petitioner's requested relief is a declaration that his continued detention violates, <u>inter alia</u>, the Due Process clause of the Fifth Amendment and an order that he be released immediately.  <u>See</u> Pet. at 27.  As this Court (and others) have already ruled, individuals released from immigration custody on parole have a liberty interest in their continued release, which must be protected by adequate procedural safeguards before it is revoked.  <u>See, e.g.</u>, <u>Mikhailovskii v. Semaia</u>, No. 5:26-CV-0960-DSR, 2026 WL 1196232, at *3 (C.D. Cal. Apr. 27, 2026); <u>see also</u> <u>A.R. v. Noem</u>, No. 5:25-cv-3565 MEMF (PVC), 2026 WL 194850, at *5 (C.D. Cal. Jan. 26, 2026) (specifically finding that SIJS deferred action is a protectable interest subject to the guaranty of due process of law and ordering release from detention following wrongful revocation thereof).

In response to the Court's order that they "show cause why the writ of habeas corpus should not be granted," Respondents stated that they "are not presenting an opposition argument at this time."  Answer at 2:6.  Given Respondents' non-opposition (<u>see</u> L.R. 7-12), Petitioner's parole release and grant of deferred action and the lack of any indication of reason to revoke that status, as well as the absence of procedural safeguards accorded to Petitioner in advance of revocation of that status and re-detention, the Court finds that it is appropriate to grant the Petition.  <u>Id.</u>

**5.    CONCLUSION**

In light of the foregoing, the Court GRANTS the Petition for Writ of Habeas Corpus and orders Respondents to release Petitioner forthwith, subject to any former conditions of release.

Respondents shall not re-detain Petitioner without notice and a pre-deprivation hearing.  At any such hearing, the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the

community or a flight risk before Petitioner may be re-detained.  Respondents shall return any confiscated property and documents to Petitioner upon his release. Respondents shall file a status report regarding compliance with this Order within five court days.

**IT IS SO ORDERED.**

DATED: May 6, 2026                    _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE